**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Derrick Land,

       Plaintiff,

v.

ASU Preparatory Academy, et al.,

       Defendants.

No. CV-24-00341-PHX-DLR

**ORDER**

Before the Court is Defendant ASU Preparatory Academy's ("ASU Prep") motion for reconsideration of the Court's order granting in part and denying in part ASU Prep's motion for summary judgment. (Doc. 45.) The motion for reconsideration is fully briefed (Doc. 47) and for reasons below is denied.

**I.     Legal Standard**

Motions for reconsideration should be granted only in rare circumstances. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g). Such motions should not be used for the purpose

of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Defs. of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

**II.    Analysis**

ASU Prep does not identify any intervening changes in controlling law, nor does it cite the Court to newly discovered evidence that could not have been brought to its attention earlier with reasonable diligence. Instead, ASU Prep contends that the Court's order denying summary judgment on Plaintiff Derrick Land's Title VII race discrimination claim was erroneous for three reasons.

First, ASU Prep contends Land did not establish a prima facie case of discrimination because ASU Prep did not reject Land, rather Land failed to timely accept the employment offer and thus the offer expired. (Doc. 45 at 2–3.) ASU Prep already urged this argument in its motion for summary judgment (Doc. 36 at 8) but because the Court did not explicitly address the argument in its previous order, it will do so now.

ASU Prep contends that its offer letter to Land required Land to accept the offer within three days, which he did not do. (Doc. 45 at 2.) Land responds that he orally discussed the offer with ASU Prep, specifically regarding the start date, and that ASU Prep sent a second offer, which he properly accepted. (Docs. 47 at; 47-1 at 5.) Thus, Land argues "there is evidence from which the factfinder could conclude that Land properly accepted his offer and this three-day period was irrelevant to ASU Prep's decision to rescind Land's offer." (Doc. 47 at 4.) The Court agrees. There is a factual dispute as to whether ASU Prep accepted Land's acceptance or regarded the three-day acceptance period as binding and so this is not a proper basis on which to grant summary judgment.

Next, ASU Prep argues that Land did not establish pretext because he did not establish that the person who ultimately filled the position was similarly situated in all material respects. (Doc. 45 at 4–6.) This argument is repeated from the briefing for the motion for summary judgment (Doc. 40 at 9–10), and so the Court denies to reconsider on this basis. *See* LRCiv 7.2(g) ("No motion for reconsideration of an Order may repeat any

oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion."). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong*, 689 F. Supp. at 1573.

Finally, ASU Prep asserts that summary judgment is appropriate due to the same-actor inference. (Doc. 45 at 6–8.) But ASU Prep did not raise this argument until its reply brief (Doc. 40 at 9) and so there was no need for the Court to address that argument in its previous order. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding a "district court need not consider arguments raised for the first time in a reply brief."). Regardless, here the Court cannot draw the same actor inference at summary judgment because there is disputed evidence concerning Ms. Murray's role in Land's rehire. *See Kocienski v. NRT Techs., Inc.*, 787 F. App'x 411, 412 (9th Cir. 2019) ("Because there is a disputed question of fact as to which person hired [Plaintiff], the 'same actor' inference does not apply at the summary judgment stage.").

For these reasons, ASU Prep has not shown that the Court clearly erred in denying part of its motion for summary judgment.

**IT IS ORDERED** that ASU Prep's motion for reconsideration (Doc. 45) is **DENIED**.

Dated this 5th day of May, 2026.

Douglas L. Rayes
Senior United States District Judge

- 3 -